UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ALIREZA PARSAD,**

       **Plaintiff,**                            **Case No. 18-cv-12863**

       **v.**                                 **District Judge Laurie J. Michaelson**

**TROTT LAW P.C.,**                       **Magistrate Judge Mona K. Majzoub**
**(f/k/a TROTT & TROTT, P.C.),**
**DAVID A. TROTT, JANE DOE,**
**AND JOHN DOE,**

       **Defendants.**

_____/

## REPORT AND RECOMMENDATION

      Plaintiff Alireza Parsad filed this action alleging that Defendants Trott Law P.C. and David

A. Trott violated Michigan law in connection with the 2009 foreclosure of a home in Kentwood,

Michigan.  (Docket no. 1.)

      Before the Court are Defendants' motions to dismiss.  (Docket no. 15; docket no. 16.)  This

matter has been referred to the undersigned for all pretrial proceedings, including a hearing and

determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report

and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket no.

27.)  The undersigned has reviewed the pleadings and dispenses with oral argument pursuant to

Eastern District of Michigan Local Rule 7.1(f)(2).

## I.     RECOMMENDATION

      For the reasons stated herein, the undersigned recommends that the Court **GRANT**

Defendants' motions to dismiss (docket no. 15; docket no 16) and dismiss this matter in its entirety.

II.     **REPORT**

    **A. Background**

Plaintiff Alireza Parsad ("Parsad") owned a home in Kentwood, Michigan, that he purchased for his parents. (Docket no. 1, p. 2.) He purchased the home with a mortgage loan from Bank of America. (*Id.*)

In February of 2009, Parsad began the process of selling the home, and in June of 2009, he stopped making his mortgage payments. (*Id*. at 3.) In September of 2009, Parsad applied to Bank of America for a "short sale" of the house. (*Id*. at 34.) On September 24, 2009, Defendant Trott Law P.C. ("Trott Law") sent two letters to the house. (*Id.* at 36–40.) The letters were on "Trott & Trott" letterhead and signed "Trott & Trott, P.C. FORECLOSURE DEPARTMENT." (*Id.*) Parsad saw the two letters "a few weeks later." (*Id.* at 4.)

The first letter (the "FDCPA Letter") advised Parsad that his mortgage had been referred to Trott Law for foreclosure by BAC Home Loans Servicing, L.P. ("BAC") and that his debt would be assumed to be valid unless he disputed the validity of the debt or any portion thereof within 30 days. (*Id*. at 36–37.) The second letter (the "3205a Letter") notified Parsad of his rights under Mich. Comp. Laws § 600.3205a, including that he could request a meeting to negotiate modification of his loan and defer foreclosure proceedings. (*Id.* at 39–40.)

On September 30, 2009, Trott Law published a notice in the Grand Rapids Legal News containing the information that had been provided in the 3205a Letter. (*Id.* at 66.) On December 18, 2009, Trott Law attorney Michael McDermott filed with the Kent County Clerk an "Affidavit of MCL 600.3205 Notice," attesting that he had served the 3205a Letter "in the manner necessary according to MCL 600.3205a(3)." (*Id*. at 42.)

On December 23, 2009, the Kent County Deputy Sheriff executed a Sheriff's Deed on Mortgage Sale conveying the house to BAC.  (*Id*. at 44.)

On January 12, 2010, Parsad was informed by his realtor that the locks on the house had been changed.  (*Id.* at 48.)  Trott Law informed the realtor that the house "was found abandoned." (*Id.*)  On February 3, 2010, BAC executed a Quit Claim Deed conveying its interest in the house (which was subject to a right of redemption) to Fannie Mae.  (*Id*. at 50.)

On March 17, 2011, Parsad sent a letter to Trott Law attorney Mirela Albu claiming that he had several causes of action against Bank of America, including wrongful foreclosure, trespass, intentional interference with contract, conversion, invasion of privacy, negligence, and violations of Michigan consumer protection laws.  (*Id*. at 53–56.)  Ms. Albu responded by email on March 18, 2011 stating that she would "forward [Parsad's] correspondence to [her] client for review and advice." (*Id.* at 58.)  In April of 2011, Parsad and Ms. Albu continued the exchange by email.  (*Id.* at 63–64.)  On April 14, Ms. Albu informed Parsad that "Fannie Mae was the investor on [his] loan" and that BAC had "deeded their interest to Fannie Mae."  (*Id.*)  On April 25, Parsad wrote that he "called and spoke to someone at Fannie Mae and it appeared they were passing the buck back at Torott & Trott [*sic*] and the Bank of America."  (*Id.*)  He noted that his claims were subject to statutes of limitations and that he did not "intend to take a chance and lose more time by allowing [himself] to be bounced back & forth among potential defendants."  (*Id.*)  Accordingly, he planned to file a complaint against any party that he "reasonably believe[d] ha[d] done [him] harm." (*Id.*)

On July 24, 2018, Parsad received notice of a class action settlement in *Martin v. Trott Law, P.C.*, Case No. 15-cv-12838 (E.D. Mich.) (filed Aug. 11, 2015) (the "Martin Class Action"). (*Id*. at 11.)  Parsad opted out of a proposed class settlement on August 28, 2018, and he filed this

action on September 13, 2018.  (*Id.* at 71.  *See generally* docket no. 1.)  Parsad's  complaint alleges eleven causes of action under Michigan law, but he has since consented to the dismissal of Count IV, a claim under the Michigan Occupational Code.  (Docket no. 1; docket no. 17.)

On November 1, 2018, Trott Law moved to dismiss Parsad's claims based on lapse of the statute of limitations and lack of subject-matter jurisdiction.  (Docket no. 15.)  On November 5, Defendant David A. Trott filed a motion to dismiss, contending that Parsad's claims are time-barred and/or fail to state a claim.  (Docket no. 16.)  Parsad stipulated to dismiss Counts II, V, VI, VII, VIII, IX, X, and XI of his complaint against David Trott, but maintained those counts against Trott Law.  (Docket no. 22.)  On April 9, 2019, the Court referred all pretrial proceedings to the undersigned.  (Docket no. 27.)

**B.  Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).  *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, the court is "not bound to

accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume [the] veracity [of the remaining allegations] and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

In addressing motions under Rule 12(b)(6), the Sixth Circuit recognizes that, in addition to the allegations of the complaint, the court "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ley v. Visteon Corp.*, 543 F.3d 801, 805 (6th Cir. 2008).

### C. Analysis

Defendants move to dismiss Parsad's complaint based on the applicable statutes of limitations, lack of subject matter jurisdiction and failure to state a claim. (Docket no. 15; docket no. 16.)

#### 1. Statutes of Limitations and Tolling

Defendants contend that each of Parsad's claims except for Count III (Michigan Regulation of Collection Practices Act) is barred by the applicable statutes of limitations. (Docket no. 15, pp. 8–17; docket no. 16, pp. 23–29.)

A federal court sitting in diversity jurisdiction applies the state statute of limitations. *See Guaranty Trust Co. v. York*, 326 U.S. 99 (1945). Moreover, federal courts are bound to follow

state rules regarding the tolling of statutes of limitations. *Belcher v. Great Lakes Steel Corp.*, 843 F.2d 1390 (6th Cir. 1988).

Under Michigan law, the filing of a class action tolls the statute of limitations as to all persons within the class for claims that "arise[] out of the same factual and legal nexus" as the class-action claims. Mich. R. Spec. P. 3.501; *Cowles v. Bank W.*, 476 Mich. 1, 20–21, 719 N.W.2d 94, 105 (2006). Accordingly, only claims that share a "factual and legal nexus" with the claims at issue in the Martin Class Action are tolled by the filing of that action.

Moreover, as noted above, the Martin Class Action was filed on August 11, 2015. Accordingly, those of Parsad's claims that arose in 2009–10 and have statutes of limitations of three years or shorter (Counts IV, V, VI, VII, VIII, IX, X, XI) will not benefit from Michigan's class-action tolling rule.

However, Parsad asserts an alternate basis for tolling, Michigan's "fraudulent concealment" statute. Under Michigan law,

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Mich. Comp. Laws § 600.5855. Parsad contends that "[Trott Law attorney] Ms. Albu made it appear that Fannie Mae was responsible for the wrongful lockout, and that Plaintiff had to file a claim with Fannie Mae" and that accordingly "Defendant diverted Plaintiff toward Fannie Mae when Defendant knew, or reasonably should have known, the identities of the individuals [who changed the locks] and that Fannie Mae had nothing to do with Plaintiff's inquiry." (Docket no. 20, pp. 15–16.)

Below, the undersigned will apply these rules to each count in Parsad's complaint, with the exception of Count III, which the parties agree is not barred by the statute of limitations, and Count IV, which Parsad agreed to dismiss.

### a.   Count I

Parsad contends that Defendants committed fraud by publishing a foreclosure-by-advertisement notice in the Grand Rapids Legal News on September 30, 2009 despite having given him thirty days from the September 24, 2009 FDCPA Letter in which to "dispute the validity of the debt." (Docket no. 1, pp. 12–13.)  This fraud claim is subject to a six-year statute of limitations under Michigan law and accrued on the date of the alleged fraud.  Mich. Comp. Laws § 600.5813; *Boyle v. Gen. Motors Corp.*, 468 Mich. 226, 230 (2003).  Accordingly, the statute of limitations expired on September 30, 2015 unless it was tolled by the Martin Class Action or by fraudulent concealment.

This claim does not share a "factual and legal nexus" with the Martin Class Action, which involved claims that Trott Law and David Trott misled borrowers by: (1) sending letters from non-attorneys on attorney letterhead, (2) "overshadowing" the status of a legal action being taken and/or the rights of the debtor," and (3) misusing the term "corporate advance."  *See generally*, *Martin, et al. v. Trott Law P.C., et al.*, E.D. Mich. Case No. 15-12838, docket no. 41 (August 8, 2016).  The Martin Class action did not involve claims that Defendants committed fraud by taking action inconsistent with a borrower's right to dispute the debt within thirty days of receiving the FDCPA notice.

The Court should also determine that the statute of limitations is not tolled by fraudulent concealment.  Parsad alleges that Ms. Albu fraudulently indicated that Fannie Mae was responsible for the lockout.  However, even assuming that this statement was fraudulent, Fannie Mae corrected

any misconception by (at the latest) April 25, 2011, as evidenced by Parsad's reply email to Ms. Albu.  (Docket no. 1, p. 64.)  Parsad does not otherwise contend that Defendants concealed their role in filing the foreclosure-by-advertisement notice.

Accordingly, the Court should determine that Count I is barred by the statute of limitations.

### b.  Count II

Parsad asserts that Trott Law attorney Michael McDermott committed fraud and contributed to the wrongful foreclosure of his home by filing an affidavit on December 18, 2009 containing an assertion that he served Parsad with the 3205a Letter in accordance with § 3205a. (Docket no. 1, p. 14.)

This claim is subject to the same six-year statute of limitations under Michigan law.  Mich. Comp. Laws § 600.5813.  Accordingly, the statute of limitations expired on December 18, 2015 unless it was tolled by the Martin Class Action or by fraudulent concealment.

Because this claim arises from the unique facts of Defendants' foreclosure on Parsad's home, the Court should find that this claim Count II does not share a "factual and legal nexus" with the Martin Class Action.

Additionally, the Court should find that the statute of limitations on Count II was not tolled by fraudulent concealment.  Parsad does not allege that Ms. Albu's representation caused him to believe that someone other than Mr. McDermott was responsible for the allegedly fraudulent representation regarding the delivery of the 3205a Letter.  Parsad raised this claim in his March 17, 2011 letter to Ms. Albu.  (Docket no. 1, p. 56.)

Accordingly, the Court should determine that Count II is barred by the statute of limitations.

c.  <u>Count V</u>

Parsad contends that Trott Law failed to comply with the recording provisions of Michigan foreclosure law.  (Docket no. 1, pp. 21–22.)  The statute of limitations for this claim is three years.  Mich. Comp. Laws § 600.5805(2).  Because the Sheriff's Deed was recorded on December 23, 2009, the statute of limitations expired on December 23, 2011 unless it was tolled by fraudulent concealment.

The Court should find the limitations period for Count V was not tolled by fraudulent concealment.  Parsad does not allege that Ms. Albu's representation caused him to believe that someone other than Defendants were responsible for the allegedly inadequate recording.

Accordingly, the Court should determine that Count V is barred by the statute of limitations.

d.  <u>Count VI</u>

Parsad contends that Trott Law wrongfully changed his locks on January 11, 2010 and executed a quit claim deed during the redemption period on February 3, 2010 in violation of Mich. Comp. Laws § 600.2918.  (Docket no. 1, pp. 24–25.)  The statute of limitations for this claim is one year.  § 600.2918(8).  Therefore, the limitations period expired on (at the latest) February 3, 2011 unless tolled by fraudulent concealment.

The Court should find that, even if the limitations period for this claim was tolled by Ms. Albu's representation, Parsad learned that Fannie Mae was not responsible by April 25, 2011.  Because Parsad did not bring this claim within two years of that date, the Court should determine that Count VI is barred by the statute of limitations.  *See* Mich. Comp. Laws § 600.5855 (fraudulently concealed claim must be raised within two years after the fraud is uncovered).

e.  <u>Count VII</u>

Parsad contends that Trott Law is liable for conversion based on the January 11, 2010 lockout described above.  (Docket no. 1, p. 25.)  The statute of limitations for this claim is three years.  Mich. Comp. Laws § 600.5805(2).  Therefore, the limitations period expired on January 11, 2013 unless tolled by fraudulent concealment.

The Court should find that, even if the limitations period for this claim was tolled by Ms. Albu's representation, Parsad learned that Fannie Mae was not responsible by April 25, 2011. Because Parsad did not bring this claim within two years of that date, the Court should determine that Count VII is barred by the statute of limitations.  *See* Mich. Comp. Laws § 600.5855.

f.  <u>Count VIII</u>

Parsad contends that Trott Law is liable for trespass based on the January 11, 2010 lockout described above.  (Docket no. 1, pp. 25–26.)  The statute of limitations for this claim is three years. Mich. Comp. Laws § 600.5805(2).  Therefore, the limitations period expired on January 11, 2013 unless tolled by fraudulent concealment.

The Court should find that, even if the limitations period for this claim was tolled by Ms. Albu's representation, Parsad learned that Fannie Mae was not responsible by April 25, 2011. Because Parsad did not bring this claim within two years of that date, the Court should determine that Count VIII is barred by the statute of limitations.  *See* Mich. Comp. Laws § 600.5855.

g.  <u>Count IX and Count X</u>

Parsad contends that Trott Law tortuously interfered with his contract to sell the house based on the January 11, 2010 lockout described above.  (Docket no. 1, pp. 25–26.)  The statute of limitations for this claim is three years.  Mich. Comp. Laws § 600.5805(2); *James v. Logee*, 150

Mich. App. 35, 38, 388 N.W.2d 294 (Mich. Ct. App. 1986).  Therefore, the limitations period expired on January 11, 2013 unless tolled by fraudulent concealment.

The Court should find that, even if the limitations period for this claim was tolled by Ms. Albu's representation, Parsad learned that Fannie Mae was not responsible by April 25, 2011. Because Parsad did not bring this claim within two years of that date, the Court should determine that Counts IX and X are barred by the statute of limitations.  *See* Mich. Comp. Laws § 600.5855.

### h.  Count XI

Parsad claims that Trott Law intentionally inflicted emotional distress on him based on the January 11, 2010 lockout described above.  (Docket no. 1, p. 27.)  The statute of limitations for this claim is three years.  Mich. Comp. Laws § 600.5805(2); *Doe v. Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich. App. 632, 639 (2004).  Therefore, the limitations period expired on January 11, 2013 unless tolled by fraudulent concealment.

The Court should find that, even if the limitations period for this claim was tolled by Ms. Albu's representation, Parsad learned that Fannie Mae was not responsible by April 25, 2011. Because Parsad did not bring this claim within two years of that date, the Court should determine that Count XI is barred by the statute of limitations.  *See* Mich. Comp. Laws § 600.5855.

### 2.  *Jurisdiction Over Count III*

Trott Law contends that the Court lacks subject matter jurisdiction over Count III because Parsad does not allege damages in excess of $75,000.  (Docket no. 15, pp. 18–20.)

A party may assert lack of subject-matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of proving that the court does in fact have jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134-35 (6th Cir. 1996); *Rogers v. Stratton Indus.*, 798

F.2d 913, 915 (6th Cir. 1986).  When a party moves to dismiss under Rule 12(b)(1) using a facial challenge, "courts simply look to the general standards for evaluating motions to dismiss pursuant to Rule 12(b)(1) and take the factual allegations of the plaintiff as true."  *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009).

District courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  28 U.S.C. § 1332.  When a plaintiff alleges that the amount in controversy exceeds $75,000, the Court should only dismiss the claim for lack of subject matter jurisdiction where it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938).

In Count III, Parsad alleges that Defendants violated Michigan's Regulation of Collection Practices Act ("RCPA"), Mich. Comp. Laws § 445.251, by sending collection letters that appeared to be from an attorney but were not written by an attorney.  (Docket no. 1, pp. 15–20.)

Parsad alleges that he suffered actual damages as a result of these letters, but not with any degree of specificity.  (*See id.*)  To the extent that Parsad claims that the foreclosure resulted from the appearance that the letters were sent by an attorney, that claim is not plausible.  *See Iqbal*, 556 U.S. at 679.  Parsad states in his complaint that when he saw the letters, "he did not think too much of them."  (Docket no. 1, p. 4.)

Although statutory damages are available under the RCPA, they could not plausibly rise above $75,000 in this case.  *See* Mich. Comp. Laws § 445.257(2) (providing for statutory damages of $50, or $150 in the case of a willful violation).

12

Accordingly, if the Court adopts the undersigned's recommendation to dismiss Counts I, II, V, VI, VII, VIII, IX, X, and XI as barred by the statute of limitations, Count III cannot meet the damages threshold for diversity jurisdiction.

### D.  Conclusion

For the above-stated reasons, the undersigned recommends that the Court **GRANT** Defendants' motions to dismiss (docket no. 15; docket no 16) and dismiss this matter in its entirety.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically

address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 23, 2019                   s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: August 23, 2019                   s/ Leanne Hosking
                                         Case Manager