UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALIREZA PARSAD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TROTT LAW, P.C.,<br>DAVID A. TROTT,<br>JANE DOE, and<br>JOHN DOE,<br><br>　　　　Defendants. | Case No. 18-12863<br>Honorable Laurie J. Michelson<br>Magistrate Judge Mona K. Majzoub |

**OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [38], GRANTING IN PART TROTT LAW'S MOTION TO DISMISS [15], GRANTING IN PART DAVID TROTT'S MOTION TO DISMISS [16], AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS [39]**

Plaintiff Alireza Parsad filed this pro se lawsuit against Defendants Trott Law P.C. (Trott Law) and David A. Trott for violations of Michigan law in connection with the 2009 foreclosure of a home he bought for his parents in Kentwood, Michigan. (ECF No. 1.) The case was referred to Magistrate Judge Mona K. Majzoub for all pretrial matters. *See* 28 U.S.C. § 636(b)(1). She issued a Report and Recommendation to grant Trott Law and David Trott's motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (ECF No. 38) and to dismiss the matter in its entirety. Parsad makes ten objections to the Report & Recommendation. (ECF No. 39).

While the Court appreciates the Magistrate Judge's thorough consideration of the issues presented in the motions and agrees with most of the analysis, the Court respectfully disagrees with one aspect of the recommended disposition. So the Court will adopt in part the recommendation of the Magistrate Judge, grant Trott Law's motion to dismiss on Counts I, II, V,

VI, VII, VIII, IX, X, and XI, grant David Trott's motion to dismiss on Count I, and sustain Parsad's objections as to Count III for the reasons stated below.

## I.

The claims asserted by Parsad in his complaint relate to the 2009 foreclosure of a home he bought for his parents in Kentwood, Michigan, after he stopped making mortgage payments to his mortgage holder, Bank of America. (ECF No. 1, PageID.2.) On September 14, 2009, Trott Law sent two letters to Parsad advising him that his mortgage had been referred for foreclosure and that the debt would be assumed valid unless he disputed its validity within thirty days. (ECF No. 1, PageID.4.) On September 30, 2009, Trott Law published in the *Grand Rapids Legal News* a notice pursuant to Michigan Compiled Laws § 600.3205 stating that Parsad had the right to request a meeting with his mortgage holder, which would delay foreclosure proceedings. (ECF No. 1, PageID.66.) On December 23, 2009, the deed to the home was conveyed to BAC Home Loans Servicing, L.P. (BAC) through a sheriff's sale. (ECF No. 1, PageID.44.) In January 2010, the locks to the house were changed. (ECF No.1, Page ID.48.) In March 2011, Parsad communicated to Trott Law that he had several causes of action against its client, Bank of America. (ECF No. 1, PageID.58.) Mirela Albu, an attorney at Trott Law, wrote to Parsad in April 2011 that BAC had deeded its interest in the home to Fannie Mae. (ECF No. 1, PageID.63–64.) Parsad responded, threatening to file suit soon "against any party whom I reasonably believe has done me harm." (ECF No. 1, PageID.64.) It appears that Parsad did not file any suit until he learned of a class action against Trott Law seven years later. (ECF No. 1, PageID.11.) Parsad opted out of the proposed class settlement on August 28, 2018 and filed this action on September 13, 2018. (ECF No. 1, PageID.71.)

Parsad filed this complaint against Defendants Trott Law and David Trott, the owner and President of Trott Law. (ECF No. 1, PageID.1.) On October 11, 2018, Trott Law and David Trott each filed motions to dismiss. (ECF No.15; ECF No. 16.) In November 2018, Parsad stipulated to dismiss Count IV against both parties and Counts II, V, VI, VII, VIII, IX, X, and XI against David Trott. (ECF No. 17; ECF No. 22.) Magistrate Judge Majzoub addressed the remaining counts against each party in her Report and Recommendation, recommending dismissal of all counts. (ECF No.38.)

## II.

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Parsad has objected. *See* 28 U.S.C. § 636(b); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

In deciding a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court "construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A facially plausible claim to relief means "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" but is not akin to a probability requirement. *Id.* Finally, "[t]he plausibility

of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

### III.

The Court first addresses Defendants' statue-of-limitations arguments, then turns to the issue of diversity jurisdiction.

### A.

Parsad filed suit in 2018 over events that occurred in 2009 through 2011. So in their motions to dismiss, Trott Law and David Trott argue that all claims other than Count III are barred by statutes of limitations. (ECF No. 15, PageID.107.) Parsad counters that the statutes of limitations for these counts had been tolled by the filing of a class action against Trott Law, or, in the alternative, under Michigan's fraudulent concealment statute. (ECF No. 20, PageID.293.) The Magistrate Judge rejects Parsad's class action and fraudulent concealment tolling arguments and the Court agrees.

### 1.

The Court begins with Parsad's claim that the statutes of limitations for these counts had been tolled by the filing of a class action against Trott Law. (ECF No. 39, PageID.511–517.) The Court accepts the Magistrate Judge's finding that class action tolling does not apply to Count I against Trott Law or David Trott.

The Magistrate Judge correctly stated the law: "Under Michigan law, the filing of a class action tolls the statute of limitations as to all persons within the class for claims that 'arise[] out of the same factual and legal nexus' as the class-action claims." (ECF No. 38, PageID.500 (citing Mich. R. Spec. P. 3.501; *Cowles v. Bank W.*, 476 Mich. 1, 20–21, 719 N.W. 2d 94, 105 (2006)).)

And the Magistrate Judge correctly applied the law to the facts. In Count I, Parsad alleges that Trott Law made a false representation that the firm would wait thirty days before assuming Parsad's debt was valid, but instead continued with collection activities six days later. (ECF No. 1, PageID.13.) In contrast, the claims in the class action filed against Trott Law are described as "(1) sending letters from non-attorneys on attorney letterhead, (2) 'overshadowing' the status of a legal action being taken and/or the rights of the debtor, and (3) misusing the term 'corporate advance.'" (ECF No. 38, PageID.501 (citing *Martin v. Trott Law P.C.*, E.D. Mich. Case No 15-12838, ECF No. 41 (August 8, 2016)).) Although Parsad's claim of fraud and the *Martin* class action both relate to letters sent by Trott Law, the two actions do not share a sufficient factual and legal nexus to meet the requirement for tolling. As such, the Court adopts the finding of the Magistrate Judge that Count I does not share a factual and legal nexus with the *Martin* class action and therefore class action tolling does not apply.

**2.**

Second, the Court addresses Parsad's argument that for Counts I, VI, VII, VIII, IX, X, and XI, even if the statutes of limitations are not tolled by the filing of the *Martin* class action, they should be tolled under Michigan's fraudulent concealment law. (ECF No. 39, PageID.517, 520.) That law allows for tolling "[i]f a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim." Mich. Comp. Laws § 600.5855. Parsad asserts that Trott Law fraudulently concealed the identity of the person(s) responsible for the alleged wrongs done to him.

As discussed above, Count I alleges that Trott Law made a fraudulent representation in letters sent to Parsad in 2009. Nowhere in his complaint does Parsad allege that Trott fraudulently concealed the identity of the person or entity who sent those letters. The letters were both on the

5

letterhead of Trott & Trott—the former name of Trott Law—which included contact information for the firm. (ECF No. 1, PageID.36–40.) And, according to Parsad, Trott & Trott "assumed the debt to be valid [and] continued with collection activities" six days after he received the letter. (ECF No. 1, PageID.13.) If that is so, then Parsad would have known—just six days after receiving the letter—that Trott Law, the sender of the letters, was responsible for the alleged fraud. And none of Trott Law's alleged actions, including the allegedly fraudulent letters themselves, attempted to hide the identity of the sender. Therefore, Parsad's claim that the statute of limitations for Count I was tolled under the Michigan fraudulent concealment statute fails. Because the six-year statute of limitations for fraud began to run on the date the letter was received (or, at the latest, six-days later), the statute of limitations expired in September 2015. *See* Mich. Comp. Laws § 600.5813; *Boyle v. Gen. Motors Corp.*, 468 Mich. 226, 230 (2003). Yet this suit was not filed until September 13, 2018. Thus, the Court affirms the Magistrate Judge's finding that Count I is barred by the statute of limitations.

Counts VI, VII, VIII, IX, X, and XI relate to the alleged illegal lockout perpetrated by Trott Law in January 2010. Parsad alleges that the statutes of limitations for these claims should be tolled because Trott Law hid the fact that it was responsible for changing the locks and "raiding" his home. (ECF No. 1, PageID.25.) In his complaint, Parsad states that he "requested information on identities of people involved in the illegal lockout of his home" from Trott Law, that a Trott Law attorney "made it appear that Fannie Mae was responsible for the wrongful lockout," and that he "had to file a claim with Fannie Mae." (ECF No. 1, PageID.10.) Although Parsad's complaint is less than clear, it appears he is referring to Exhibit 12, the email exchange with the Trott Law attorney, as the basis for the alleged fraudulent concealment.

After reviewing the emails in question, Parsad makes a factual inference that stretches the concept of plausibility. In fact, the April 2011 email from Trott Law simply states, "After the Sheriff's Sale, BAC Home Loan Servicing deeded their interest to Fannie Mae." (ECF No. 1, PageID.64.) This does not suggest that Fannie Mae was responsible for the lockout, but instead makes clear that Fannie Mae acquired the property only after the property was purchased by BAC at the sheriff's sale. Thus, Parsad's conclusory statement that Trott Law concealed its role in the foreclosure is not supported by the facts pleaded by Parsad. The Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010) (citations and internal quotation marks omitted) (quoting *Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 903 (6th Cir. 2009)).

But even if the Court accepts Parsad's factual allegations as true under the *Iqbal/Twombly* plausibility standard, Parsad's argument for fraudulent concealment tolling runs into another roadblock.

Parsard relies on the Michigan fraudulent concealment law, but that law only extends the statute of limitations for "2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable." Mich. Comp. Laws § 600.5855. And whether a plaintiff should have discovered a cause of action is determined by an objective standard: "the plaintiff must be held chargeable with knowledge of the facts, which it ought, in the exercise of reasonable diligence, to have discovered." *Prentis Family Found. v. Barbara Ann Karmanos Cancer Inst.*, 698 N.W.2d 900, 907 n.2 (Mich. Ct. App. 2005) (quoting *Barry v. Detroit Terminal R. Co.*, 11 N.W.2d 867, 870 (Mich. 1943)); *see also State of Mich. ex rel. Kelley v. McDonald Dairy Co.*, 905 F. Supp. 447, 453 (W.D. Mich. 1995) ("A

7

plaintiff . . . must prove that he neither knew nor should have known of his potential claims, despite his due diligence.").

Parsad does not plead with sufficient particularity that facts material to the lockout causes of action were not publicly available or that he could not have discovered the identity of Defendants through the exercise of reasonable diligence. Parsad merely pleads that he "exercised due diligence in trying to find out the identity of those responsible for the harm caused." (ECF No. 1, PageID.12.) Although the Court will read complaints by pro se plaintiffs liberally, "the leniency granted to pro se petitioners . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Parsad's statement that he exercised due diligence in identifying Defendants is simply a conclusory statement and a recitation of the legal standard, which is insufficient to state a plausible claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Brown v. Cuyahoga Cty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013). Parsad does not explain what efforts he took, if any, to determine who was responsible for changing the locks on his house after Fannie Mae "referred the matter back to the Defendants and their client" sometime prior to September 25, 2011. (ECF No. 1, PageID.10, 63-64.) From the pleadings, there is no evidence that Parsad made any effort to file suit or locate a potential defendant until he learned of the *Martin* class action in 2018.[1]

In addition, Parsad attaches to his complaint an Affidavit of Purchaser and a quitclaim deed for the property in question. (ECF No. 1, PageID.46, 50.) The Affidavit lists BAC Home Loan Servicing, L.P. (BAC) as the purchaser and Trott & Trott, P.C. as "the designee responsible to assist an appropriate person redeeming the Property." (ECF No. 1, PageID.46.) The quit claim deed lists BAC as the grantor of the property and designates that the recorded deed should be

---

[1] Parsad also does not explain how this class action concerning misleading letters could have revealed that Trott Law was the party supposedly responsible for changing his locks. (*See* ECF No. 39, PageID.518.)

returned to Trott & Trott. (ECF No. 1, PageID.50.) The date of the quitclaim deed is approximately one month after the alleged lockout, thus making apparent that BAC, not Fannie Mae, owned the property on the date the locks were changed. (*Id.*) In light of the information that Parsad had or that was available to him, the Court finds that Parsad does not make a plausible claim that he exercised reasonable diligence in attempting to identify the party or parties allegedly at fault. Thus, his claims are time barred.

**B.**

After finding the other counts should be dismissed, the Magistrate Judge concluded that Count III alone "cannot meet the damages threshold for diversity jurisdiction." (ECF No. 38, PageID.507.) The Magistrate Judge correctly states the legal standard for evaluating amount in controversy on a motion to dismiss: "the Court should only dismiss the claim for lack of subject matter jurisdiction where it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" (ECF No. 38, PageID.506 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).)

The problem with the Magistrate Judge's analysis, however, is that "[w]hen determining whether the amount in controversy has been satisfied, [courts] examine the complaint at the time it was filed." *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990); *accord CSX Transportation, Inc. v. Fiber Techs. Networks, LLC*, No. 15-10976, 2016 WL 1182726, at *2 (E.D. Mich. Mar. 28, 2016). *Klepper* makes clear that even if part of a claim is dismissed, "thereby reducing plaintiff's claim below the requisite amount, the court retains jurisdiction to adjudicate the balance of the claim." *Id.* (citing 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3702 (1985)); *see also Jones v. Knox Exploration Corp.*, 2 F.3d 181, 182 (6th Cir. 1993) ("We have held that where an action contained two claims, which together satisfied the jurisdictional

amount requirement, and one count was eliminated following discovery, the fact that the only remaining claim was for less than the jurisdictional amount did not require dismissal."). Additionally, "a court considering a dismissal for failure to meet the amount in controversy requirement cannot . . . examine defenses, such as qualified immunity, res judicata, or the application of a statute of limitations." *Kovacs v. Chesley*, 406 F.3d 393, 396 (6th Cir. 2005).

Thus, the Court must instead consider whether the eleven counts alleged in Parsad's complaint met the amount-in-controversy requirement at the time he first filed his complaint. Although Parsad does not provide much detail about the damages he believes he is entitled to, this Court cannot find "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury*, 303 U.S. at 289. The Court, by separate order, will direct Parsad to show cause in writing why this case should not be dismissed for failure to meet the amount in controversy requirement of diversity jurisdiction at the time he filed his complaint.

**IV.**

For the reasons stated, having reviewed the report and recommendation (ECF No. 38) and Parsad's objections (ECF No. 39), the Court will ADOPT in part the Magistrate Judge's Report and Recommendation, GRANT Trott Law's motion to dismiss for Counts I, II, V, VI, VII, VIII, IX, X, and XI, GRANT David Trott's motion to dismiss for Count I, and SUSTAIN Parsad's objections as to Count III. Count III remains against Defendants Trott Law and David Trott.

SO ORDERED.

Dated: September 23, 2019

                                                               s/Laurie J. Michelson_____
                                                               LAURIE J. MICHELSON
                                                               UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 23, 2019.

                                                    s/Erica Karhoff  
                                                    Case Manager to  
                                                    Honorable Laurie J. Michelson