UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALIREZA PARSAD,

    Plaintiff,

v.

TROTT LAW, P.C., DAVID A. TROTT,
JANE DOE, and JOHN DOE,

    Defendants.

Case No. 18-12863
Honorable Laurie J. Michelson

## OPINION AND ORDER GRANTING MOTION TO DISMISS

Plaintiff Alireza Parsad filed this pro se lawsuit against Defendants Trott Law P.C. and David A. Trott for violations of Michigan law in connection with the 2009 foreclosure of a home he bought for his parents. (ECF No. 1.) The only remaining count is Count III, violation of Michigan's Regulation of Collection Practices Act, against Trott Law, P.C. and the two "Doe" defendants.[1] Trott Law has asked the Court to address an argument for dismissal of Count III in David Trott's motion to dismiss (ECF No. 16) that remains outstanding. (*See* ECF No. 52.)

**I.**

The procedural history of this case is full of twists and turns. A few months ago, the Court dismissed nine of Parsad's counts as time-barred, leaving only Count III, violation of Michigan's Regulation of Collection Practices Act ("RCPA"). (ECF No. 42.) At the same time, the Court directed Parsad to show cause why his case should not be dismissed for failure to meet the amount-in-controversy requirement for diversity jurisdiction at the time he filed his complaint. (ECF No. 43.) But instead of responding to the show-cause order, Parsad filed a motion for reconsideration

---

[1] Defendant David Trott was dismissed by stipulation of the parties. (ECF No. 54.)

of the order. (ECF No. 44.) And although there was no final judgment in the case, Parsad also filed a notice of appeal 15 days later. (ECF No. 45.) The Court found it was divested of jurisdiction by the notice of appeal and dismissed Parsad's motion for reconsideration for lack of jurisdiction. (ECF No. 47.) The following month, the Sixth Circuit dismissed Parsad's premature appeal and remanded the case to this Court to adjudicate Parsad's one remaining claim. *See Parsad v. Trott Law, P.C.*, 2020 U.S. App. LEXIS 5726 (6th Cir. Feb. 25, 2020) (order). (ECF No. 48.) Following remand, this Court found that it could not "say to a legal certainty that Parsad's claims total $75,000 or less" and so it found the show-cause order satisfied and allowed Parsad to proceed on the one remaining RCPA count. (ECF No. 49, PageID.616.)

Since then, this case has taken yet another odd procedural turn. Because the Magistrate Judge recommended dismissing Count III on jurisdictional grounds, she did not address Trott's argument that the claim should be dismissed on the merits. While this Court disagreed with the jurisdiction ruling, it too neglected to address the merits argument. So Defendant David Trott ultimately filed a motion for reconsideration of the Court's order finding the show-cause order satisfied (ECF No. 51), arguing that the Court has not yet ruled on one of his arguments for dismissing Parsad's RCPA claim. That argument was raised in Mr. Trott's motion to dismiss filed back in November 2018. (*See* ECF No. 16). The other defendant, Trott Law P.C., has joined in Mr. Trott's motion for reconsideration. (ECF No. 52.) Since then, Parsad has agreed to dismiss Mr. Trott from this suit. (ECF No. 54.)

Because the motion for reconsideration, in effect, asks the Court to address the remaining arguments for dismissal raised in in Mr. Trott's 2018 motion rather than to reconsider the show-cause order, the Court will treat the motion for reconsideration, joined in by Trott Law, as a

2

renewed motion to dismiss.² Parsad addressed the arguments for dismissal in his response. (ECF No. 25.)

## II.

Count III of Parsad's complaint alleges that Trott Law violated the Michigan Regulation of Collection Practices Act (RCPA), Mich. Comp. Laws § 445.251, by sending misleading letters regarding the foreclosure of Parsad's home. (ECF No. 1, PageID.15.)

In 2009, Parsad began to fall behind on the mortgage payments for the home he owned in Kentwood, Michigan. (*Id.* at PageID.3.) After four missed payments, Parsad received two letters from Trott Law attempting to collect on his mortgage debt. (*Id.* at PageID.4, 36.) The letters were on firm letterhead, identified Trott Law's client as the creditor or servicing agent of the mortgage, stated that Trott Law was retained to foreclose Parsad's mortgage, and was unsigned by any individual, but instead stated, "Trott & Trott, P.C. FORECLOSURE DEPARTMENT" in the signature block. (*Id.* at PageID.15–16.) Parsad alleges that the format and content of the letter suggested that the letters were written by an attorney when, in fact, they were not written by an attorney. (*Id.* at PageID.16.)

Parsad alleges that he suffered harm to his statutory rights under the RCPA to be free from misleading communications in connection with the collection of a debt. (*Id.* at PageID.17.) Parsad further states that the misleading nature of the letters caused him "actual and potential confusion, anxiety, and mental distress." (*Id.* at PageID.18.)

---

² The result would be the same if the Court instead treated the motion as an untimely motion for reconsideration directed at the Court's September 23, 2019 Opinion and Order Adopting in Part Report and Recommendation, Granting in Part Trott Law's Motion to Dismiss, Granting in Part David Trott's Motion to Dismiss, and Sustaining in Part Plaintiff's Objections. (ECF No. 42.)

3

### III.

In deciding a motion to dismiss under Rule 12(b)(6), the Court "construes the complaint in the light most favorable" to Parsad and determines whether his "complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### IV.

As mentioned, in ruling on the Defendants' motions to dismiss, the Court neglected to address the argument that Count III fails to state a claim for relief. (ECF No. 42.) David Trott points this out in a motion for reconsideration that has been joined in by Trott Law. So Trott Law, in effect, makes two different arguments for how Count III fails to state a claim. First, Trott Law argues that the letters in question do not violate the RCPA as a matter of law. (ECF No. 16, PageID.272.) Second, it argues that Parsad has not pled the prima facie elements of an RCPA claim. (*Id.*) Because the Court finds the second argument warrants dismissal of the case, it need not address the first argument.

Trott Law argues that Count III should be dismissed because Parsad has not adequately alleged the requisite harm to state a prima facie RCPA claim.

Injury is a required element of a claim under the RCPA because the statute only grants a private right of action to a person (1) "who suffers injury, loss, or damage" or (2) "from whom money was collected by the use of a method, act, or practice" that violates the RCPA. Mich. Comp. Laws § 445.257.

Trott Law claims that Parsad does not fit into either of these categories.

First, Trott Law argues that Parsad has not satisfied the "injury, loss, or damage" requirement because he makes only "cursory, generic allegations of confusion, anxiety, and mental distress," and he contradicts this allegation earlier in his complaint when he states that he did not think much of the letters when he received them. (ECF No. 16, PageID.273.) The Court agrees.

Under the language of the RCPA, a plaintiff can demonstrate harm by allegation of an "injury, loss, or damage." Mich. Comp. Laws § 445.257. But Parsad must show some form of harm beyond a bare procedural violation. *Hagy v. Demers & Adams*, 882 F.3d 616, 622 (6th Cir. 2018) (discussing the FDCPA, the federal equivalent of the RCPA); *see also Lanton v. Ocwen Loan Servicing, LLC*, 793 F. App'x 398, 402 (6th Cir. 2019) ("[A] plaintiff may not recover statutory damages under the FDCPA absent a showing of actual harm suffered."). Harm under the RCPA can include actual damages for emotional distress and mental anguish. *See Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 863 (6th Cir. 2020). But emotional distress must be more than mere anxiety. *Id.* at 864. The Second Restatement of Torts defines emotional distress (and its synonyms) to include "all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. It is only where it is extreme that the liability arises." Restatement (Second) of Torts § 46 (1965).

And Parsad's allegations of harm must be analyzed under the pleading standard of Rule 12(b)(6). Although a complaint does not need to have detailed factual allegations to survive a 12(b)(6) motion, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). To do so, a plaintiff must provide more than "a formulaic recitation of the elements of a cause of action." *Id.* at 545.

5

Parsad makes no effort to explain how the letters caused him any actual harm beyond a formulaic recitation that they caused "confusion, anxiety, and mental distress." (ECF No. 1, PageID.18.) This generic allegation is also directly contradicted by Parsad's statement that when he received the letters, "he did not think too much of them." (*Id.* at PageID.4.) And Parsad makes no allegations that he took any actions because of these letters. In fact, it appears that Parsad did not learn of the potentially misleading character of the letters until he received notice of a class action against Trott Law involving similar letters in 2018. (*See* ECF No. 1, PageID.11.)

To the extent that Parsad wishes to tie the foreclosure of his home to the allegedly misleading nature of the letters, he cannot do so. Parsad's home was foreclosed on because he failed to make mortgage payments. (*See* ECF No. 1, PageID.3.) There is no causal connection between his alleged confusion about whether the letters were written by an attorney and the foreclosure of his house. *Cf. Bolone v. Wells Fargo Home Mortg., Inc.*, 858 F. Supp. 2d 825, 837 (E.D. Mich. 2012) (finding no causal relationship between potentially misleading statements made by a Wells Fargo representative and failure of plaintiff to obtain a home loan modification).

Parsad also relies on *Martin v. Trott Law, P.C.*, 198 F. Supp. 3d 794 (E.D. Mich. 2016), in which identical letters were the subject of a class action litigation. In *Martin*, the district court found that the plaintiffs' complaint stated a claim for a violation of the RCPA. *See id.* at 805. But that opinion did not address the claim of failure to plead actual harm at issue here.

Parsad has not plausibly pleaded that he suffered "injury, loss, or damage" caused by the Trott Law letters because he relies merely on a conclusory statement that he suffered confusion, anxiety, and mental distress as a result of the letters. *See Bach v. First Union Nat. Bank*, 149 F. App'x 354, 361 (6th Cir. 2005) (holding that a plaintiff seeking emotional distress damages must "reasonably and sufficiently explain[] the circumstances surrounding the injury and [] not rely on

6

mere conclusory statements"); *Nielsen v. E*Trade Mortg. Corp.*, No. 13-CV-11085, 2015 WL 1469847, at *8 (E.D. Mich. Mar. 30, 2015).

Nor can Parsad fit into the category of a person from "whom money was collected by the use of a method, act, or practice" that violates the RCPA. *See* Mich. Comp. Laws § 445.257. Parsad implies that money was collected from him via the foreclosure proceedings. But even if that is the case, Parsad does not argue (and it is not plausible) that the sale of his home was carried out by the two Trott letters. Although the two letters sought to collect a debt, it was the publication of the foreclosure notice and a sheriff's sale that resulted in debt being collected from Parsad. (ECF No. 1, PageID.4–5.) So Parsad cannot say that money was collected from him by the allegedly misleading Trott letters.

So Parsad has not plausibly alleged the requisite harm as required to state a claim under the RCPA and his remaining claim against Trott Law, Count III of his complaint, must be dismissed.

## V.

The only remaining defendants, "John Doe" and "Jane Doe," will also be dismissed.

Although Parsad has not identified the Doe defendants, in his complaint he specifies that the Doe defendants are placeholders for "partners or shareholders of Trott PC that may bear individual culpability for the claims stated in this complaint and may be separately liable." (ECF No. 1, PageID.2.) So for the same reasons Parsad fails to state a claim for violation of the RCPA against Trott Law, he also fails to state a claim against the Doe defendants.

## VI.

In his response to Trott's motion to dismiss, Parsad noted that his RCPA claim was intended to echo the RCPA claims as alleged in the *Martin* class action. Parsed then wrote: "To

the extent Plaintiff's Complaint may not have accomplished this objective, Plaintiff respectfully seeks leave to amend." (ECF No. 25, PageID.376.) But the Court dismisses Parsad's case based on a ground not raised in the *Martin* case. So even if Parsad were to amend to echo the *Martin* complaint, that would not alter the above analysis leading to dismissal.

The Court finds that justice does not require allowing Parsad to amend his complaint. After the relevant motion to dismiss was filed, Parsad elected not to amend his complaint. And Parsad was given ample opportunity to supplement his pleadings regarding damages in response to the Court's September 2019 order to show cause. (ECF No. 43.) In his response, Parsad simply reiterated the allegations in his complaint. (*See* ECF No. 44.) The Court does not believe that this case should be further delayed by allowing Parsad another opportunity to try to supplement his damages claims.

## VII.

For the foregoing reasons, the Court GRANTS the Defendants' motion, styled as one for reconsideration, (ECF No. 51), and dismisses the case with prejudice.

SO ORDERED.

Dated: June 17, 2020

                                                               s/Laurie J. Michelson
                                                               LAURIE J. MICHELSON
                                                               UNITED STATES DISTRICT JUDGE